UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BEYOND PESTICIDES, | ) |
| Plaintiff, | ) |
| v. | ) |
| DR PEPPER SNAPPLE GROUP, INC. and MOTT'S LLP, | ) Case No. 17-cv-1431-RCL |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter comes before the Court on plaintiff's Motion to Remand [ECF No. 15]. Upon consideration of this motion and the defendants' opposition, the Court will **DENY** plaintiff's motion. Additionally, defendants' Unopposed Motion to File the Confidential Declaration of Kelly Stephenson Under Seal [ECF No. 17] is **GRANTED**.

### I. Background

Plaintiff originally filed this action in the Superior Court of the District of Columbia, on behalf of itself and the interests of the general public, seeking injunctive and equitable relief under the District of Columbia Consumer Protection Procedures Act ("CCPA"), D.C. Code §§ 28-3901, *et seq*. The CCPA, among other things, makes it unlawful to make misrepresentations and omissions in connection with the sale of consumer goods or services. *See id*. § 28-3904. Here, plaintiff alleges that Mott's LLP ("Mott's"), a subsidiary of Dr Pepper Snapple Group, Inc. (collectively, "defendants"), employed deceptive labeling and marketing practices in selling its applesauce products. Plaintiff requests an order "directing Defendants to disgorge the profits obtained from each sale of the [applesauce] Products in the District of Columbia" and establishing

1

a community fund "for the benefit of the general public" into which Mott's is to pay "all monies which it has been required to disgorge." Compl. at 23. Additionally, plaintiff seeks declaratory relief, an injunction, and an award of costs and attorneys' fees. *Id.*

The case reached this Court when defendants removed the case under 28 U.S.C. § 1441, invoking this Court's diversity jurisdiction. 28 U.S.C. § 1332(a). Plaintiff now moves to remand the case back to Superior Court. Plaintiff does not argue that defendants failed to follow the proper procedure for removal or that the parties are not completely diverse. Plaintiff argues only that defendants failed to carry their burden establishing the requisite amount in controversy.

**II.     Analysis**

   **A.    Standard of Review**

Civil actions filed in state court may be removed to a United States district court by the defendant so long as the case could have originally been filed in federal court. 28 U.S.C. § 1441(a) (2012). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c). A challenge to subject matter jurisdiction may be raised on a motion to remand by the parties. *Id.* A "party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." *Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the W.*, 366 F. Supp. 2d 33, 36 (D.D.C. 2005) (citation omitted). Courts are to construe the removal statute narrowly in order to avoid federalism concerns, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941), and any doubts about the existence of subject matter jurisdiction are to be resolved in favor of remand. *Nat'l Consumers League v. Flowers Bakeries, LLC.*, 36 F. Supp. 3d 26, 30 (D.D.C. 2014).

**B. The Present Case is Properly Removable**

At issue here is whether this case satisfies the amount-in-controversy component of federal diversity jurisdiction, which requires that "the matter in controversy exceed[] the sum or value of $75,000." 28 U.S.C. § 1332(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). And evidence establishing the amount in controversy is required "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* Here, the plaintiff does in fact contest defendants' allegation related to the amount in controversy, but defendants meet their burden of demonstrating, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See* 28 § 1446(c)(2)(B).

Normally, "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Snyder v. Harris*, 394 U.S. 332, 335 (1969). But the Supreme Court recognized an exception to this non-aggregation principle for "cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Id.*

As discussed above, *supra* Part I, one of the remedies plaintiff seeks is disgorgement of profits from the applesauce products in a community fund for the general public. Courts in this district recognize disgorgement as an "integrated claim" in which plaintiffs have a "common and undivided interest." *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F. Supp. 2d 37, 41 (D.D.C. 1999). Therefore, the profits disgorged may be aggregated to meet the amount in controversy requirement. *See Nat'l Consumers League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26, 32 n.3 (D.D.C. 2014); *Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64,

3

72 (D.D.C. 2014); *Mostofi v. Network Capital Funding Corp.*, 798 F. Supp. 2d 52, 55 (D.D.C. 2011).

The key question, then, is whether defendants demonstrate by a preponderance of the evidence that the profits from the applesauce products exceed $75,000. The Court finds that they have based on the evidence submitted to the Court.

    a. The Unredacted Version of the Stephenson Declaration shall be Sealed

Defendants submitted a declaration by Kelly Stephenson (the "Stephenson Declaration"), the Director of Brand Marketing at Mott's. In fact, defendants docketed two versions of this declaration. *See* ECF Nos. 16-2, 17-2. The version attached as an exhibit to defendants' response to the present motion to remand has a portion of paragraph 6 redacted, as it contains highly confidential business information. However, defendants attached an unredacted version of the same declaration to an Unopposed Motion to File the Confidential Declaration of Kelly Stephenson Under Seal [ECF No. 17]. The Court finds the unredacted version as properly sealed and, thus, defendants' motion will be **GRANTED**.

    b. The Stephenson Declaration Demonstrates that the Amount in Controversy Requirement is Met

Based on the Stephenson Declaration, the Court finds by a preponderance of the evidence that the profits from the applesauce products sold in the District of Columbia exceed $75,000. Mr. Stephenson declares that "the aggregate sales of the Applesauce Products in Washington, DC between May 2014 and May 2017 are estimated to have exceeded $5,300,000." Confidential Decl. of Kelly Stephenson ¶ 4, ECF 16-2. Furthermore, Mr. Stephenson attests that, based on his personal knowledge, the profits on these sales well exceeded $75,000. *Id.* ¶ 6. The Court has no reason to doubt Mr. Stephenson's sworn declaration and plaintiff provides no contradictory

evidence. The Court, therefore, finds that the amount in controversy requirement is met and the case is properly removable to this Court.

## III.   Conclusion

For the reasons stated herein, plaintiff's Motion to Remand [ECF No. 15] is **DENIED**. The Unopposed Motion to File the Confidential Declaration of Kelly Stephenson Under Seal [ECF No. 17] is **GRANTED**. An order consistent with this holding accompanies this opinion.

DATE: 8/21/18

Royce C. Lamberth
United States District Judge