# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BEYOND PESTICIDES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DR PEPPER SNAPPLE ) <br> GROUP, INC. et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Case No. 17-1431 |

## MEMORANDUM & ORDER

This case is about applesauce. Mott's, LLP produces applesauce and apple juice marketed as "natural" and including "all-natural ingredients." But Beyond Pesticides—an anti-pesticide 501(c)(3)—bought Mott's applesauce and apple juice, tested it, and found trace synthetic pesticide residue. Claiming reasonable consumers expect "natural" foods to be free from synthetic pesticides, Beyond Pesticides now sues Mott's and its corporate parent Dr Pepper Snapple Group, Inc. "on behalf of the general public," invoking a D.C. law prohibiting misrepresenting goods and misleading consumers. *See* Am. Compl. ¶¶ 91–110 (citing the D.C. Consumer Protection Procedures Act (CPPA), D.C. Code §§ 28-3901–28-3913), ECF No. 22.

But Beyond Pesticides's case cannot proceed just because it alleges Mott's acted unlawfully. Since the Constitution limits federal court jurisdiction to "Cases" or "Controversies," Art. III, § 2, plaintiffs must "have a defined and personal stake in the outcome of the litigation." *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (en banc). Put differently, plaintiffs must show they have standing to sue in federal court. At minimum, that means they suffered an "injury in fact" that is "fairly . . . trace[able]" to the defendant's conduct," and "likely

. . . redress[able] by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (first alteration in original, internal quotation marks and citations omitted).

By extension, interest groups cannot bring a generalized grievance on the public's behalf. *See Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216-17, 227 (1974). Instead, the organization must show it or a member suffered a "concrete and particularized" invasion of a legally protected interest that is "actual or imminent, not conjectural or hypothetical." *Am. Rivers v. Fed. Energy Regulatory Comm'n*, 895 F.3d 32, 40-41 (D.C. Cir. 2018) (internal quotation marks omitted) (quoting *Lujan*, 504 U.S. at 560); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) ("A 'concrete' injury must be 'de facto'; that is, it must actually exist.").

Yet Beyond Pesticides never shows it or a member suffered an actual injury. Although Beyond Pesticides gets close by averring it purchased the applesauce and apple juice with its own funds, that falls short of an economic injury sufficient to confer standing. After all, Beyond Pesticides never alleges it relied on the challenged labels. Rather, Beyond Pesticides admits it purchased the products only "to evaluate their purported qualities as a product made of 'All Natural Ingredients' or as a 'Natural' product." Am. Compl. ¶ 31. But this Circuit "do[es] not recognize" that "self-inflicted harm" as an injury in fact. *Abigail All. for Better Access to Dev. Drugs v. Eschenbach*, 469 F.3d 129, 133 (D.C. Cir. 2006); *see Equal Rights Ctr. v. Post Props., Inc.*, 657 F. Supp. 2d 197, 201 (D.D.C. 2009) ("[O]rganizational plaintiffs cannot establish injury that is fairly traceable to defendants' conduct merely by deciding to 'devote resources to identify and counteract misinformation' . . . ." (quoting *Am. Farm Bureau v. U.S. EPA*, 121 F. Supp. 2d 84, 100 (D.D.C. 2000)). *See generally Fair Emp't Council v. BMC Mktg. Corp.*, 28 F.3d 1268, 1277 (D.C. Cir. 1994) (rejecting the "circular position" that "the time and money that plaintiffs

2

spend in bringing suit against a defendant would itself constitute a sufficient 'injury in fact'" since that " would effectively abolish[es] the requirement altogether").

Instead, Beyond Pesticides rests on D.C. Code § 28-3905(k)(1)(c)'s provision empowering "[a] nonprofit organization" to sue "on behalf of the general public" for "a violation involving consumer goods or services that the organization purchased or received in order to test or evaluate qualities pertaining to use for personal, household, or family purposes." Yet even if that works in the District of Columbia's courts,[1] *cf. Atchison v. District of Columbia*, 585 A.2d 150, 153 (1991) (recognizing D.C. courts "enjoy[] flexibility in regard to [the case or controversy requirement] not possessed by the federal courts"), Beyond Pesticides lacks the "irreducible constitutional minimum" to sue in federal court because "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1547-49. Simply put, the D.C. Council's "role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.*; *see also Hancock v. Urban Outfitters, Inc.*, 830 F.3d 511, 514 (D.C. Cir. 2016).

Accordingly, Beyond Pesticides lacks standing. And consequently, the Court lacks jurisdiction. *See Grocery Mfrs. Ass'n v. EPA*, 693 F.3d 169, 147 (D.C. Cir. 2012). So the Court **GRANTS** the defendants' motion [23] and **DISMISSES** the case under Rule 12(b)(1).

July \_\_1\_\_, 2019

                                                                    Royce C. Lamberth
                                                                    United States District Judge

---

[1] Indeed, Beyond Pesticides apparently misreads § 28-3905: it only allows an organization to sue on the public's behalf if it also alleges an injury to itself or to its members. *See* § 28-3905(k)(1)(C) ("A nonprofit organization may, on behalf of itself or any of its members, *or on any such behalf **and*** on behalf of the general public, bring an action seeking relief from the use of a trade practice in violation of a law of the District . . . ." (emphasis added)).

3